United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-41757
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

NARCISO HERNANDEZ-ANTONIO, also known as
Narciso Hernandez-Marquez,

Defendant-

Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-661-ALL
-----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to illegally re-entering the United States, in violation of 8 U.S.C. §

1326, Narciso Hernandez-Antonio (Hernandez) appeals his sentence of 26 months and 15 days in

prison and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hernandez contends that the district court erred by assessing two criminal-history points for each of three prior DWI convictions, instead of counting all three convictions together as two points. He maintains that the three convictions were "related" under U.S.S.G. § 4A1.2(a)(2) because he received concurrent 180-day prison terms for the three offenses on the same day. Because the three DWI offenses were separated by intervening arrests, however, the district court did not err in concluding that those offenses were not related for criminal-history purposes. *See* § 4A1.2, comment. (n.3); *see also United States v. Hunter*, 323 F.2d 1314, 1322-23 (11th Cir. 2003).

Hernandez argues that the district court erred in imposing a supervised-release condition that required him to cooperate in any collection of his DNA, as violative of his Fourth Amendment rights. As Hernandez concedes, this court has recognized that such a claim is not ripe for judicial review in light of our holding in *United States v. Carmichael*, 343 F.3d 756, 758 (5th Cir. 2003). See *United States v. Riascos-Cuenu*, 428 F.3d 1100, 1102 (5th Cir. 2005), *petition for cert. filed* (Jan. 9, 2006) (No. 05-8662). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Hernandez's constitutional challenge to § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Hernandez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied,* 126 S. Ct. 298 (2005). Hernandez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.